1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE S. LOUIE,                    No.  CIV.S-05-0984 DFL DAD PS

12          Plaintiff,

13      v.                               <u>FINDINGS AND RECOMMENDATIONS</u>

14   ROBERT A. CARICHOFF, et al.,

15          Defendants.

16   _____/

17          This matter is before the court on defendants' motion to

18   dismiss plaintiff's amended complaint pursuant to Federal Rule of

19   Civil Procedure 12(b)(6), or in the alternative summary judgment.

20   Attorney Robert A. Carichoff appeared on his own behalf and on behalf

21   of defendant Jessica Lynn Coleman at the hearing on the motion.  J.

22   Grant Kennedy appeared on behalf of plaintiff.  Having considered all

23   written materials submitted in connection with the motion, and after

24   hearing oral argument, the undersigned will recommend that

25   defendants' motion to dismiss be granted and this action be dismissed

26   with prejudice.

                                    1

### PLAINTIFF'S AMENDED COMPLAINT[1]

Plaintiff has brought this action under the Americans With Disabilities Act ("ADA"), against defendant Jessica Lynn Coleman and her lawyer, defendant Robert A. Carichoff.  Mr. Carichoff represents Ms. Coleman in connection with the defense of an action brought by plaintiff against her in Yolo County Superior Court, George Louie v. Jessica Lynn Coleman, No. CV 04-885.  This federal action arises out of a dispute over where plaintiff's deposition in that state court action should be taken.

According to the amended complaint, during discovery in state court Mr. Carichoff noticed the deposition of plaintiff to occur at a local deposition reporters' office.[2]  On the same day the

---

[1] At the time defendants filed their motion to dismiss the operative pleading in this case was plaintiff's original complaint. In response to defendants' motion, plaintiff filed an amended complaint, which he was entitled to do.  See Fed. R. Civ. P. 15(a)("[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served); Doe v. United States, 58 F.3d 494, 496-97 (9th Cir. 1995).  While in some instances the filing of an amended pleading moots a motion to dismiss, such is not the case here. As explained below, plaintiff's amended complaint does not cure the deficiencies detailed in defendants' motion. Therefore, the undersigned has considered defendants' motion to dismiss as directed at plaintiff's amended complaint.  See Schwarzer, Tashima and Wagstaffe, Federal Procedure Before Trial, ¶ 9:262 (The Rutter Group 2004)("An amended complaint supersedes the prior complaint as a pleading.  Thus, the court will usually treat the motion to dismiss as mooted.  It may, however, proceed with the motion if the amendment does not cure the defect."). The court has disregarded plaintiff's second amended complaint because it was filed without leave of court.  See Fed. R. Civ. P. 15(a).

[2] Mr. Carichoff is the main defendant.  Ms. Coleman is named because, as her counsel's client, she allegedly "acted so as to precipitate" and/or "failed to prevent" Mr. Carichoff's actions. (Compl. at 3.)

deposition notice was served, plaintiff, who often requires a

wheelchair to travel about in public, paid a visit to the office in

question and "encountered discriminatory conditions (including, but

not limited to, inaccessible handicapped parking and a lack of lower

service counters.") (Compl. at 3.)   Plaintiff advised the deposition

reporters' office of those conditions.   Several weeks later, and four

days prior to the noticed deposition, plaintiff advised Mr. Carichoff

of the access problem and "insisted that any deposition location ...

meet federal requirements for accessibility."   (Compl. at 3.)

Plaintiff declined Mr. Carichoff's invitation to identify a suitable

location for the deposition.   Mr. Carichoff then re-noticed the

deposition to be held at a large commercial office building in

downtown Sacramento.

          A few weeks prior to the re-scheduled deposition, plaintiff

visited the commercial office building in question and again

"encountered discriminatory conditions (including, but not limited

to, a lack of lower service counters)."   (Am. Compl. at 4.)

Plaintiff advised the building's management of such conditions.

While it is unclear from the amended complaint, since Mr. Carichoff

filed a motion in the state court proceedings to compel plaintiff's

attendance at the re-noticed deposition he appears to have been made

aware of plaintiff's concerns regarding conditions at that location.

The amended complaint alleges that the motion to compel was filed

prior to the date for plaintiff's deposition and that plaintiff did

not cancel either of his depositions nor did he refuse to appear as

suggested in the motion to compel.   According to the amended

complaint, plaintiff perceived the motion to compel as "an effort to force the abdication of federal rights ...." (Compl. at 4-5.) Plaintiff then initiated this ADA action.

The amended complaint alleges that Mr. Carichoff "showed that he planned to operate" the deposition reporters' office and commercial office building by noticing depositions there. (Am. Compl. at 3, 4.) The amended complaint alleges six causes of action. The first cause of action is brought under Title III[3] of the ADA pursuant to 42 U.S.C. § 12182(b)(1)(D)(i) which provides that "[a]n individual or entity shall not, directly or through contractual or other arrangements, utilize standards or criteria or methods of administration ... that have the effect of discriminating on the basis of disability[.]" The amended complaint alleges that Mr. Carichoff's "standards or criteria for the selection of venues for depositions have the effect of discriminating on the basis of disability ...." (Am. Compl. at 5.)

Plaintiff's second cause of action is a Title III claim brought pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii) which, in

/////

---

[3] As one district court has explained:

> The ADA initially was enacted as Public Law 101-336 and was organized into Titles I through V. When the ADA was codified as 42 U.S.C. § 12101, et seq., the "Titles" were re-labeled as "Subchapters." Titles I, II, and III became Subchapters I, II, and III, respectively, and Title V became Subchapter IV.

Van Hulle v. Pacific Telesis Corp., 124 F. Supp. 2d 642, 643 n.2 (N.D. Cal. 2000).

1  prohibiting discrimination on the basis of disability, defines

2  discrimination as follows:

3             a failure to make reasonable modifications in
              policies, practices, or procedures, when such
4             modifications are necessary to afford such goods,
              services, facilities, privileges, advantages, or
5             accommodations to individuals with disabilities,
              unless the entity can demonstrate that making
6             such modifications would fundamentally alter the
              nature of such goods, services, facilities,
7             privileges, advantages, or accommodations[.]

8  Here, plaintiff alleges that Mr. Carichoff "has failed to make

9  reasonable modifications to his policies" regarding noticing

10 depositions of disabled persons "even though he has been put on

11 notice that the venues he has selected have repeatedly been

12 inaccessible."  (Am. Compl. at 6.)

13         The third cause of action is brought under Title V of the

14 ADA and alleges that Mr. Carichoff retaliated against plaintiff in

15 violation of 42 U.S.C. § 12203(a), which provides as follows:

16            No person shall discriminate against any
              individual because such individual has opposed
17            any act or practice made unlawful by this chapter
              or because such individual made a charge,
18            testified, assisted, or participated in any
              manner in an investigation, proceeding, or
19            hearing under this chapter.

20 According to plaintiff's allegations, the motion to compel filed by

21 Mr. Carichoff, and a related motion to have plaintiff declared a

22 vexatious litigant, amount to retaliatory conduct in response to

23 plaintiff's "protected opposition to Carichoff's discriminatory

24 standards ... vis-a-vis selection of venues for depositions of

25 disabled persons ..."  (Compl. at 6.)

26 /////

1    The amended complaint's fourth cause of action also is

2   brought under Title V and alleges that Mr. Carichoff engaged in

3   coercive, intimidating and threatening conduct in violation of 42

4   U.S.C. § 12203(b) which states:

5         It shall be unlawful to coerce, intimidate,
          threaten, or interfere with any individual in the
6         exercise or enjoyment of, or on account of his or
          her having exercised or enjoyed, or on account of
7         his or her having aided or encouraged any other
          individual in the exercise or enjoyment of, any
8         right granted or protected by this chapter.

9   In this regard, plaintiff alleges that Mr. Carichoff has coerced,

10  threatened and intimated plaintiff by "repeatedly" noticing his

11  depositions for locations that are inaccessible and "attempt[ing] to

12  arrogate unto himself the authority to require [plaintiff] to locate

13  an accessible venue ...."  (Am. Compl. at 7.)

14    Finally, in the fifth and sixth causes of action plaintiff

15  alleges that defendants' conduct has denied plaintiff equal access to

16  deposition facilities in violation of California's Unruh Civil Rights

17  Act, California Civil Code § 51, and the California Disabled Persons

18  Act, California Civil Code § 54, respectively.[4]

19                          **LEGAL STANDARDS**

20    A motion to dismiss pursuant to Rule 12(b)(6) of the

21  Federal Rules of Civil Procedure tests the sufficiency of the

22  complaint.  See <u>Ileto v. Glock Inc.</u>, 349 F.3d 1191, 1199-1200 (9th

23

24    [4] Plaintiff's use of boilerplate allegations renders the fifth
    and sixth causes of action somewhat difficult to decipher.
25  Nonetheless the fifth cause of action refers to California Civil Code
    § 51 and the sixth cause of action refers to § 54.  Therefore, the
26  court has construed the causes of action as described above.

1  Cir. 2003), <u>cert. denied</u> 543 U.S. 1050 (2005); <u>North Star Int'l v.</u>

2  <u>Arizona Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal

3  of the complaint or of any claim within it "can be based on the lack

4  of a cognizable legal theory or the absence of sufficient facts

5  alleged under a cognizable legal theory." <u>Balistreri v. Pacifica</u>

6  <u>Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990); <u>see also</u> <u>Navarro v.</u>

7  <u>Block</u>, 250 F.3d 729, 732 (9th Cir. 2001); <u>Robertson v. Dean Witter</u>

8  <u>Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

9      In considering a motion to dismiss for failure to state a

10  claim, the court accepts as true all material allegations in the

11  complaint and construes those allegations, as well as the reasonable

12  inferences that can be drawn from them, in the light most favorable

13  to the plaintiff.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73

14  (1984); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).

15  In a case where the plaintiff is pro se, the court has an obligation

16  to construe the pleadings liberally.  <u>Bretz v. Kelman</u>, 773 F.2d 1026,

17  1027 n.1 (9th Cir. 1985)(en banc).  However, the court's liberal

18  interpretation of a pro se complaint may not supply essential

19  elements of a claim that are not pled.  <u>Pena v. Gardner</u>, 976 F.2d

20  469, 471 (9th Cir. 1992); <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>,

21  673 F.2d 266, 268 (9th Cir. 1982).[5]

22  **ANALYSIS**

23      The allegations of plaintiff's amended complaint speak for

24  themselves.  As the undersigned observed at the hearing on

25

26      [5] Plaintiff was proceeding pro se when he drafted the amended
complaint which is the subject of the pending motion.

7

1    defendants' motion, this action borders on frivolous.  Nonetheless,

2    the undersigned resolves the instant motion as if the allegations in

3    the amended complaint are pled in good faith.[6]

4           As set forth above, plaintiff's first and second causes of

5    action are brought under Title III pursuant to 42 U.S.C. §§

6    12182(b)(1)(D)(i) and 12182(b)(2)(A)(ii), respectively.  By its

7    terms, § 12182 applies to "any person who owns, leases (or leases

8    to), or operates a place of public accommodation."  Defendants argue

9    that plaintiff's first and second causes of action must be dismissed

10   because they are not "operators" of a place of public accommodation

11   as alleged in the amended complaint.[7]  The undersigned agrees.

12          Because the ADA does not define the term "operates," the

13   court should "construe it in accord with its ordinary and natural

14   meaning."  See Smith v. United States, 508 U.S. 223, 228 (1993).

15   Relying on a variety of dictionary definitions, the Ninth Circuit

16   recently recognized that to "operate," in the context of a business,

17   means "to put or keep in operation," "[t]o control or direct the

18   _____

19      [6] For this reason, the undersigned does not reach defendants'
     contention that the court lacks subject matter jurisdiction over this
20   matter, although there is authority to support such a contention.
     See Bell v. Hood, 327 U.S. 678, 682 (1946) (recognizing that a claim
21   is subject to dismissal for want of jurisdiction where it is "wholly
     insubstantial and frivolous" and "so patently without merit"); Hagans
22   v. Levine, 415 U.S. 528, 543 (1974)(a claim may be dismissed for lack
     of jurisdiction where it is "so insubstantial, implausible,
23   foreclosed by prior decisions of this Court or otherwise completely
     devoid of merit as not to involve a federal controversy within the
24   jurisdiction of the District Court").

25      [7] The amended complaint alleges that Mr. Carichoff "showed that
     he planned to operate" the venues in question by noticing depositions
26   at these locations.  (Am. Compl. at 3, 4.)

functioning of," and "[t]o conduct the affairs of; manage."  Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 878 n.14 (9th Cir. 2004)(citations omitted).  In that same case the court observed:

> [W]hether Title III applies to [a rodeo's sponsor and presenter] depends on whether those private entities exercise sufficient control over the Center, and in particular over the configuration of the facilities, even temporarily, with regard to accessibility, that they can be said to 'operate' the stadium.

375 F.3d at 878.

Here, defendants do not rise to the level of "operators" simply by noticing depositions at a space in a court reporter's office or in a commercial office building.  By convening a deposition in a conference room, a person does not put or keep the entire building in operation; he or she does not control the functioning of the facilities; nor does he or she manage the affairs of the buildings.  In the context of litigating the underlying state court action and conducting routine discovery, defendants did not exercise the required management, control or oversight of the subject buildings to become "operators" of those facilities.  There is no allegation that the defendants exercised sufficient control over the configuration of the facilities with regard to accessibility.  For all of these reasons, defendants are not "operators" of the venues in question and Title III does not apply to them.  See Aikins v. St. Helena Hosp., 843 F. Supp. 1329, 1335 (N.D. Cal. 1994)(Title III did not apply to independent contractor physician at a hospital where the physician was not on hospital's board of directors, had no authority

1  to enact or amend hospital policy, and lacked power to control

2  hospital policy on use of interpreters).  Therefore, plaintiff's

3  first and second causes of action under Title III should be

4  dismissed.[8]

5          The undersigned also will recommend dismissal of the third

6  and fourth causes of action for retaliation and intimidation under

7  Title V, respectively.  There currently is a split among the circuits

8  as to whether individuals can be liable under Title V of the ADA.

9  Compare Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1179-80

10  (11th Cir. 2003)(holding that an individual may be sued in his

11  personal capacity for violating § 12203) with Baird v. Rose, 192 F.3d

12  462, 472 (4th Cir. 1999) (holding that Congress did not intend

13  individuals to be liable under § 12203).  The Ninth Circuit has not

14  addressed the issue in a published opinion and district courts within

15  this circuit are split on the matter.  Compare Cable v. Dep't. of

16  Dev. Servs. of the State of Cal., 973 F. Supp. 937, 943 (C.D. Cal.

17  1997)("individuals cannot be held liable under Title V of the ADA")

18  and Stern v. California State Archives, 982 F. Supp. 690, 691 (E.D.

19  Cal. 1997)("the court holds that individuals who do not qualify as

20  'employers' are not subject to personal liability under section

21  12112(a)" with Ostrach v. Regents of the Univ. of Cal., 957 F. Supp.

22

23          [8] Plaintiff's citation to Martin v. PGA Tour, Inc., 204 F.3d 994
   (9th Cir. 2000), aff'd, 532 U.S. 661 (2001) in a post-hearing letter
24  brief is not persuasive with respect to the issue posed here.  The
   court in Martin was not called upon to address the meaning of "to
25  operate" in that it appears to have been undisputed in that case that
   "[o]n days of tour competition, PGA is the operator of the golf
26  course."  204 F.3d at 996.

1   196, 200 (E.D. Cal. 1997) ("[p]laintiff may sue the individual

2   defendants under the anti-retaliation provision of the ADA").

3        Nonetheless, even if the Ninth Circuit were to determine

4   that individuals can be held liable under § 12203(a) and (b), the

5   court finds that the actions allegedly engaged in by defendants

6   Carichoff and Coleman do not fall within the "retaliation,"

7   "coercion," "intimidation," "threats," or "interference" contemplated

8   by Congress in enacting § 12203.  A motion to compel plaintiff's

9   deposition within the context of a civil lawsuit initiated by

10  plaintiff, and after at least two unsuccessful attempts to secure

11  plaintiff's deposition testimony, can hardly be characterized as

12  retaliation.  Nor can defendants' efforts in noticing the deposition,

13  and attempting to cooperate with plaintiff to find a suitable

14  location for the deposition, be characterized as any kind of coercive

15  or threatening behavior.  The unfortunate events leading to the

16  initiation of this action amount to a routine discovery dispute in

17  state court, not a federal civil rights lawsuit.  For these reasons,

18  the undersigned finds that plaintiff's Title V claims fail as a

19  matter of law and will recommend that the third and fourth causes of

20  action be dismissed with prejudice.  See Douris v. Office of the

21  Pennsylvania Attorney General, No. Civ. A. 03-CV-5661, 2004 WL

22  322907, *3 (E.D. Pa. Feb. 9, 2004)(even if individuals could be held

23  liable under Title V, "[c]ertainly the refusal to pay money to settle

24  a claim and the refusal to capitulate to all demands of accommodation

25  cannot be characterized as 'retaliation'").

26  /////

1    Next, plaintiff's state law claims are predicated on his

2    ADA claims.  A violation of the ADA also constitutes a violation of

3    California's Unruh Civil Rights Act, Cal. Civ. Code § 51(f), and the

4    California Disabled Persons Act, Cal. Civ. Code § 54(c).  Molski v.

5    Mandarin Touch Restaurant, 347 F. Supp. 2d 860, 862-63 (C.D. Cal.

6    2004); Moeller v. Taco Bell Corp., 220 F.R.D. 604, 607 (N.D. Cal.

7    2004).  Because plaintiff is unable to state a cognizable claim under

8    the ADA, plaintiff's state law claims must also be dismissed without

9    leave to amend.

10    Finally, defendants seek an order declaring plaintiff a

11    vexatious litigant and subjecting him to a pre-filing order.

12    Defendants seek such an order on the grounds that plaintiff has filed

13    over 1,000 lawsuits alleging violations of the ADA.  They rely on the

14    decision in Molski v. Mandarin Touch Restaurant, 347 F. Supp. 2d 860

15    (C.D. Cal. 2004).  However, the reasoning of the district court in

16    the Molski decision has recently been compellingly refuted.  See

17    Wilson v. Pier 1 Imports, Inc., 411 F. Supp. 2d 1196 (E.D. Cal. 2006)

18    Moreover, vexatious litigant orders are rarely justified.  See De

19    Long v. Hennessey, 912 F.2d 1144, 1146-47 (9th Cir. 1990); Wood v.

20    Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523-26 (9th

21    Cir. 1993); Wilson, 347 F. Supp. 2d at 1199.  Clearly "mere

22    litigiousness is insufficient" to justify such an order.  De Long,

23    912 F.2d 1147; Wilson, 347 F. Supp. 2d at 1200.

24    Here, defendants have not even attempted to demonstrate

25    that any of plaintiff's previously filed lawsuits were frivolous.

26    There has been no representation by defendants that plaintiff has

12

1  filed other meritless actions arising out of discovery disputes in

2  state court actions.  Therefore, the court will recommend that

3  defendants' request for an order declaring plaintiff a vexatious

4  litigant be denied without prejudice to renewal in the event

5  plaintiff were to pursue additional abusive lawsuits of this same

6  nature.

7                          **CONCLUSION**

8       Accordingly, IT IS HEREBY RECOMMENDED that:

9       1.  Defendants' motion to dismiss be granted and this

10  entire action be dismissed with prejudice; and

11      2.  Defendants' request for an order declaring plaintiff a

12  vexatious litigant be denied without prejudice.

13      These findings and recommendations are submitted to the

14  United States District Judge assigned to the case, pursuant to the

15  provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after

16  being served with these findings and recommendations, any party may

17  file written objections with the court and serve a copy on all

18  parties.  Such a document should be captioned "Objections to

19  Magistrate Judge's Findings and Recommendations."  The parties are

20  advised that failure to file objections within the specified time may

21  waive the right to appeal the District Court's order.  See Martinez

22  v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED: March 16, 2006.

24

25                              _____
                                DALE A. DROZD
    DAD:th                      UNITED STATES MAGISTRATE JUDGE
26  ddad1\orders.prose\louie984.f&r.mtd

                              13