IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE S. LOUIE,

    Plaintiff,

    v.

ROBERT A. CARICHOFF, et. al.,

    Defendants.

CIV-S-05-0984-DFL-DAD

MEMORANDUM OF OPINION
AND ORDER

    This suit arises from a discovery dispute between plaintiff George Louie and defendant Jessica Lynn Coleman in a state court case. Louie brought this federal suit against Coleman and her attorney, Robert A. Carichoff ("defendants"), after they sought to depose him at allegedly non-ADA compliant sites. The court dismissed this suit on August 10, 2006. Defendants now move for attorney's fees under 42 U.S.C. § 12205, the ADA's attorney's fees provision. For the reasons stated below, the court GRANTS attorney's fees in the sum of $ 8,240.48.

I.

    After Louie filed suit against Coleman in state court,

1

Coleman sought to depose him and noticed the deposition to occur at the court reporter's office.  Louie, who is disabled, claimed that he visited the reporter's office and found that it was not ADA compliant.  Coleman offered to allow Louie to choose another location, but Louie refused the "burden" of finding an accessible place where the deposition could be conducted.  Coleman then noticed the deposition to occur in an office at a large, newly constructed commercial office building in downtown Sacramento. Louie objected again, contending that the new location also was not ADA compliant.

Following an exchange of heated letters in which both sides accused each other of bad faith, Coleman filed a motion to compel Louie's deposition in state court.  Louie responded by threatening to file a federal ADA suit against defendants if Coleman did not rescind her motion.  Coleman refused.  Instead of raising his concerns with the presiding state court judge, Louie made good on his threat.  Acting pro se, he brought suit against defendants in federal court, alleging that they had violated the ADA, the Unruh Civil Rights Act, and the California Disabled Persons Act by seeking to depose him at non-ADA compliant sites.

II.

Finding that the suit "borders on frivolous," the magistrate judge recommended dismissing the case.  Louie brought his first two causes of actions under Title III of the ADA, 42 U.S.C. §§ 12182(b)(1)(D)(i) and 12182(b)(2)(A)(ii), respectively.  The magistrate judge concluded that these claims lacked merit because

defendants did not "operate" the noticed deposition locations, which § 12182 requires. Louie's third and fourth causes of action alleged retaliation and intimidation in violation of Title V of the ADA. The magistrate judge found that these claims failed because the actions by defendants were not so threatening or coercive as to qualify. Finally, the magistrate judge recommended dismissing Louie's state law claims, his fifth and sixth causes of action, because they were predicated on his ADA claims. On August 10, 2006, the court adopted the magistrate judge's recommendations, noting that the case raised comity concerns by seeking to bring the federal court into a discovery dispute in a pending state court case.

### III.

The ADA authorizes an award of attorney's fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). An action is frivolous if "the result is obvious" or the arguments "are wholly without merit." McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir. 1981). "[I]f a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." Christiansburg Garment Co., 434 U.S. at 422.

The court finds this suit frivolous for several reasons. In

his first two causes of action, Louie contends that defendants violated § 12182 of the ADA by seeking to depose him at a court reporter's office and a commercial office building that are allegedly non-ADA compliant.  Louie does not make clear how defendants discriminated against him merely by seeking to depose him at these locations and offering to permit him to designate a different place.  Moreover, § 12182 applies only to "any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182 (2006).  Defendants do not lease or own either site.  The argument that defendants "operated" the sites merely by designating them as the place of deposition is wholly without merit.  For example, an attorney does not "operate" a restaurant by scheduling a lunch meeting there.

    Similarly, the court finds frivolous Louie's third and fourth causes of action.  His third cause of action alleges that defendants retaliated against him by filing a motion to compel. His fourth cause of action contends that defendants intimidated him by noticing his deposition to occur at allegedly non-ADA compliant locations along with filing a motion to compel. However, the noticing depositions and the filing of motions are procedural rights accorded by our civil litigation system. Parties set depositions by noticing them, and, when a dispute arises, a motion to compel is a perfectly appropriate way to present the issue to the supervising court for resolution. Therefore, the argument that using these procedures is a form of

retaliation or intimidation is frivolous, especially, when Louie declined to identify an alternative location and filed suit before the state court could address the dispute.

Finally, seeking to inject a federal court in a discovery dispute in a state court case raises serious comity concerns. Louie asked the federal court to interfere in a pending state court case by enjoining Coleman from exercising recognized civil litigation procedures.[1]

For these reasons, the court finds that this action is frivolous. Moreover, given that Louie made no attempt to resolve this dispute in state court but attempted to use the federal litigation to deprive defendants of their procedural rights, the court finds that Louie filed this suit in bad faith. Therefore, the court finds that there is "an even stronger basis" to grant defendants request for attorney's fees. See Chirstianburg Garment Co., 434 U.S. at 422.

////
////
////
////
////
////
////

---

[1] Because Louie's fifth and sixth causes of actions, his state law claims, are predicated on the ADA claims, the court also finds that the fifth and sixth claims are frivolous

5

IV.

Because this suit was wholly without merit defendants' request for attorney's fees in the amount of $ 8,240.48 is GRANTED.[2]

IT IS SO ORDERED.

Dated: 11/16/2006

_____
DAVID F. LEVI
United States District Judge

---

[2] Louie has not challenged the reasonableness of the fees claimed by defendants. Moreover, upon independent review, the court finds that it was reasonable for Carichoff to: (1) expend 27.10 hours on the motion to dismiss and 10 hours for the motion for attorney's fees; (2) bill at $220 per hour; and (3) incur $78.48 in costs.

6